UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARDOCHE OLIVIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-03306 |
| | ) | JUDGE CRENSHAW |
| CITY OF CLARKSVILLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Plaintiff Mardoche Olivier, a resident of Clarksville, Tennessee, brings this *pro se, in forma pauperis* action against the City of Clarksville and Lieutenant f/n/u Koyama, alleging violations of the Plaintiff's civil rights. (Doc. No. 1). The Plaintiff seeks damages, attorney fees, and injunctive relief. (*Id*. at p. 3).

**I.     Required Screening of the Complaint**

The Plaintiff is proceeding as a pauper in this action; therefore, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). See Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

1

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into

advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. Alleged Facts

According to the complaint, on an unspecified date, Lieutenant Koyama denied the Plaintiff the opportunity to file a "complaint" regarding what the Plaintiff believes was his false arrest and harassment by police officers. (Doc. No. 1 at p. 2). The complaint does not make clear what type of complaint the Plaintiff intended to file. The complaint alleges that Lieutenant Koyama told the Plaintiff that he would need to wait until the Plaintiff's case was adjudicated to file the complaint but, according to the Plaintiff, he previously had been instructed by the Chief of Police to file any such complaints within thirty days. (Id.) The Plaintiff believes these actions violated his civil rights. (Id. at p. 1.)

## III. Analysis

First, the Plaintiff has named the City of Clarksville as a Defendant to this action. While the City of Clarksville is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir.2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); Regets v. City of Plymouth, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the

3

existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Slusher, 540 F.3d at 457. To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. Id.; see also Gregory v. City of Louisville, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. Hays v. Jefferson Cnty., Ky., 668 F.2d 869, 874 (6th Cir.1982).

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against the City of Clarksville under § 1983. The complaint does not identify or describe any of the City's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the City of Clarksville on notice of a problem. See Okolo v. Metropolitan Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); Hutchison v. Metropolitan Gov't of Nashville, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); Johnson v. Metropolitan Gov't of Nashville,

4

No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). In fact, the City of Clarksville is not even mentioned in the narrative portion of the complaint. Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against the City of Clarksville. Any such claim will be dismissed.

Next, the Plaintiff has sued Lieutenant Koyama for the "deprivation of rights under color of law" and/or for "conspiracy against rights" pursuant to 18 U.S.C. §§ 241 and 242. The Sixth Circuit has defined a civil conspiracy under 42 U.S.C § 1983 as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not know all of the details of the illegal plan or all of the participants involved. All that must be shown is that there is a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985). Conspiracy claims must be pled with a degree of specificity. Hamilton v. City of Romulus, 409 Fed. Appx. 826, 835-36 (6th Cir. 2010). Vague and conclusory allegations unsupported by material facts are insufficient, although circumstantial evidence of an agreement among all conspirators may provide adequate proof. Id.

As to the existence of a conspiracy to violate the Plaintiff's constitutional or civil rights, there are **no** allegations in the complaint, much less any allegations with the requisite specificity to sustain a civil conspiracy claim. Thus, to the extent that the complaint attempts to allege a civil conspiracy claim against Defendant Koyama, any such claims will be dismissed.

As to any deprivation of the Plaintiff's constitutional rights under § 1983, the complaint does not make clear what type of "complaint" the Plaintiff allegedly was trying to file but was prevented from filing by Defendant Koyama. If the Plaintiff was a pre-trial detainee at the time and he was

5

attempting to file a grievance while detained, a plaintiff cannot premise a § 1983 claim on allegations that a jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. See Hewitt v. Helms, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Given that a prisoner does not have a constitutional right to an effective or responsive grievance procedure, any claims based on a Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted.

If the Plaintiff was attempting to file a federal or state civil lawsuit, the Plaintiff would not be impeded by a police officer's insistence that the Plaintiff could not file the lawsuit. Indeed, the Plaintiff has filed many federal lawsuits in this Court since December 2016. If instead the Plaintiff was attempting to lodge a complaint at the police station against a police officer or against the police department, the instant complaint fails to identify any federal constitutional right of the Plaintiff to lodge such a complaint. For these reasons, the Plaintiff's claims against Defendant Koyama must be dismissed.

**IV.  Conclusion**

In conclusion, the Court finds that the complaint fails to state a claim upon which relief can be granted as to both Defendants This action, therefore, will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE